IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CR-19-403-F |
| | ) | |
| TREVOR KANE TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Trevor Kane Taylor has filed a *pro se* motion (1) seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on extraordinary and compelling reasons, or (2) seeking, alternatively, a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 (Part A) to the United States Sentencing Guidelines.  Doc. no. 40.[1]  Because defendant is proceeding *pro se*, the court construes his filings liberally, but it does not act as his advocate.  Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

---

[1] Pursuant to this district's General Order 23-6, the Federal Public Defender was appointed to represent defendant to determine whether he may qualify to seek reduction of sentence and relief pursuant to Amendment 821.  *See*, Order at doc. no. 42.  The Assistant Federal Public Defender entered an appearance on defendant's behalf.  *See*, doc. no. 43.  After review of the record, including the Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 41) filed by the Probation Office, the Assistant Federal Public Defender filed a notice advising the court that defendant is not eligible for a reduced sentence under § 3582(c)(2) and she would not be filing an Amendment 821 motion or a supplement to his *pro se* motion. *See*, doc. no. 46.

Plaintiff United States of America has responded in opposition to defendant's motion.  Doc. no. 49.[2]  Consequently, the matter is at issue.

I.

Pursuant to a plea agreement, defendant pleaded guilty to Counts 1 and 2 of the Superseding Information.  Count 1 charged a conspiracy to commit carjacking in violation of 18 U.S.C. § 371 and 18 U.S.C § 2(a), and Count 2 charged carjacking in violation of 18 U.S.C. § 2119 and 18 U.S.C. § 2(a).  The Probation Office prepared a presentence investigation report which, after grouping Counts 1 and 2 under U.S.S.G. § 3D1.2(b), calculated defendant's base offense level at 20.  Defendant then received (1) a six-level enhancement under U.S.S.G. § 2B3.1(b)(2)(B) because a firearm was used during the carjacking, (2) a two-level enhancement under U.S.S.G. §2B3.1(b)(5) because the offense involved carjacking, and (3) a three-level enhancement under U.S.S.G. § 3B1.1(b) because defendant was a manager or supervisor and the criminal activity involved five or more participants or was otherwise extensive, resulting in an adjusted offense level of 31.  After applying a three-level downward adjustment for acceptance of responsibility, U.S.S.G. § 3E1.1, defendant's total offense level was 28.

Based on his criminal history, defendant was assessed a criminal history score of 16.  Because defendant committed the offenses while under a criminal justice sentence, two additional points (status points) were added under U.S.S.G. § 4A1.1(d) for a total criminal history score of 18.  A total criminal history score of 18 established a criminal history category of VI.  With a total offense level of 28 and a

---

[2] As authorized, the government has filed its response under seal.  In footnote number 1 of the response, the government asks the court to seal defendant's *pro se* motion because it contains information which should not be discussed in open public filings.  Upon review, the court agrees and will direct the court clerk to place defendant's *pro se* motion under seal.

criminal history category of VI, defendant's advisory guideline imprisonment range was 140 to 175 months.

At sentencing, the court adopted the presentence investigation report without change.  The court sentenced defendant to a term of imprisonment of 200 months, consisting of 60 months as to Count 1 and 140 months as to Count 2, to run consecutively.  Judgment was entered on September 24, 2020.  Defendant did not file a direct appeal.

Upon review of defendant's motion, the court exercises its discretion to first address defendant's motion for a sentence reduction under § 3582(c)(2) and then to address defendant's motion for compassionate release under § 3582(c)(1)(A)(i).

## II.

Generally, a court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  Congress has provided a few exceptions to this rule.  One such exception is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  In such a case, the court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission.  *Id.*

The court follows a two-step process in considering defendant's § 3582(c)(2) motion.  *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013).  The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction.  If the reduction is authorized, the court may consider any applicable 18 U.S.C. § 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one

is warranted in whole or in part under the particular circumstances of the case." *Id.* (quotation marks and citation omitted).

Upon review of the parties' submissions and the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821, the court finds that defendant is not eligible for a sentence reduction under § 3582(c)(2) based on Amendment 821 (Part A).

Under Part A, a defendant's status points are decreased by one if he has seven or more criminal history points, and his status points are eliminated if he has six or fewer criminal history points. Applying Part A of Amendment 821, defendant's status points would be decreased by one point, resulting in defendant having a total of 17 criminal history points. With a total criminal history score of 17, defendant's criminal history category would remain at criminal history category VI. As a result, defendant's guideline range would remain the same—140 to 175 months. Because defendant's guideline range is not impacted by Amendment 821(Part A), defendant is not eligible for the requested relief. Defendant's § 3582(c)(2) motion will therefore be dismissed.

### III.

Another exception to the general rule that a court may not modify a term of imprisonment once it has been imposed is compassionate release. Defendant specifically requests compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), claiming the existence of extraordinary and compelling reasons.

Under the plain language of 18 U.S.C. § 3582(c)(1)(A)(i), a district court may grant a motion for reduction of sentence, whether filed by the Director of the Bureau of Prisons or a defendant, only if three requirements are met: "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." United States v. McGee, 992 F.3d 1035, 1042 (10th Cir. 2021).[3]  District courts may deny compassionate-release motions when any of the three prerequisites are lacking, without addressing the others. *Id*. at 1043.  On the other hand, when a district court grants a motion for compassionate release, it must address all three steps. *Id*.[4]

In defendant's case, the court finds that the factors in 18 U.S.C. § 3553(a) weigh against compassionate release.  Relevant § 3553(a) factors include, but are not limited to, the nature and circumstance of defendant's offense and the history and characteristics of defendant, the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, and to protect the public from further crimes of the defendant.

Defendant is incarcerated because he committed serious offenses—conspiracy to commit carjacking and carjacking.  The offenses involved the use of a firearm.  For his offenses, defendant was sentenced to a term of imprisonment of 200 months.  The court, in sentencing defendant, varied upward from the applicable guideline range by ordering the sentences on Counts 1 and 2 to run consecutively to one another.

---

[3] In McGee, the Tenth Circuit held that the United States Sentencing Commission's then-existing policy statement, which was promulgated before the First Step Act was enacted, was applicable "only to motions for sentence reductions filed by the Director of the [Bureau of Prisons], and not to motions filed directly by defendants." McGee, 992 F.3d at 1050.  However, effective November 1, 2023, the Sentencing Commission amended the guidelines to reflect that compassionate release motions may be brought by either the Director of the Bureau of Prisons or the defendant.  The Tenth Circuit has determined that the Sentencing Commission's newly promulgated policy statement is now applicable to motions for sentence reduction filed by either the Director of Bureau of Prisons or a defendant. United States v. Bradley, 97 F.4th 1214, 1217 n. 1 (10th Cir. 2024).

[4] Section 3582(c)(1)(A) also contains an exhaustion requirement. According to the government, the defendant has satisfied the exhaustion requirement.

Prior to his federal offenses, defendant had been convicted of two counts of unauthorized use of a vehicle, two counts of concealing stolen property, two counts of possession of methamphetamine, one count of possession of drug paraphernalia, one count of possession of a taken debit card, one count of possession of paraphernalia, one count of larceny of merchandise from a retailer, and one count of possession of a taken credit card.

Defendant was 30 years old when he committed his federal offenses.  He is currently 34 years old and still has approximately 10 years of imprisonment remaining.  His projected release date is May 19, 2034.

To his credit, while incarcerated, defendant has participated in Bureau of Prisons' programming.  However, he has been sanctioned for assaulting without serious injury (November, 2023), phone abuse—disrupt monitoring (May, 2023), phone abuse—disrupt monitoring (April and July, 2022), and giving/accepting money without authorization (April, 2022).  In addition, the Bureau of Prisons has determined that defendant has a high risk of recidivism and has given him a medium security classification.

After consideration of the relevant factors, the court concludes that a prison sentence longer than defendant has served to date is necessary to reflect the seriousness of defendant's offenses, provide just punishment, and—especially—to protect the public from further criminal activity.[5]  While defendant's participation in Bureau of Prisons' programming is acknowledged, the court nonetheless concludes that such factor does not support defendant's early release.  Therefore, the court concludes that a sentence reduction to time served is not appropriate.

---

[5] Further, based on the record before it, the court concludes that defendant remains a danger to the community under U.S.S.G. 1B1.13(a)(2).

IV.

Accordingly, defendant Trevor Kane Taylor's "'Verified' Motion for Compassionate Release and or Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)[(2)]" (doc. no. 40), filed April 15, 2024, is **DISMISSED**.

IT IS SO ORDERED this 14th day of May, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0403p007.docx